UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

|                              |     |           |                        |
|------------------------------|-----|-----------|------------------------|
| FRED L. VITTATOE             | )   |           |                        |
|                              | )   |           |                        |
| Plaintiff,                   | )   |           |                        |
|                              | )   |           |                        |
| v.                           | )   | No.:      | 2:14-CV-231-RLJ-MCLC   |
|                              | )   |           |                        |
| CARTER COUNTY JAIL, and      | )   |           |                        |
| CARTER COUNTY,               | )   |           |                        |
|                              | )   |           |                        |
| Defendants.                  | )   |           |                        |

## MEMORANDUM OPINION

The Court is in receipt of a complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave

to proceed *in forma pauperis* [Doc. 1] filed pro se by Fred L. Vittatoe.  At the time he filed his

Complaint and *in forma pauperis* motion, Plaintiff was incarcerated at the Carter County Detention

Center [*see* Docs. 1, 2].  However, after filing his Complaint and motion for leave to proceed *in forma

pauperis*, Plaintiff filed a notice of change of address with the Court, reflecting that he had been

released from incarceration [Doc. 5].

On April 27, 2017, the Court entered an Order, advising Plaintiff that his motion for leave to

proceed *in forma pauperis* was deficient, as it was not accompanied by a certified copy of his inmate

trust account for the previous six-month period.  [Doc. 6 (citing 28 U.S.C. § 1915(a)(2))].  The Court

noted that, in such situations, the Court would typically "order the pro se Plaintiff to obtain a copy of

his inmate trust account statement from prison administrators" [*Id*.].  However, given that Plaintiff is

no longer incarcerated, the Court instead directed the Clerk to send Plaintiff a blank copy of the form

application for leave to proceed *in forma pauperis* for non-prisoners, and ordered Plaintiff to

"complete, sign, and return the form **within thirty days** of the date of entry of this Order" [*Id*.].

Plaintiff was placed on notice that his failure to comply within the time required would lead the Court

to presume that Plaintiff is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution [*Id.* (citing Fed. R. Civ. P. 41(b))].

The Order, along with a copy of the relevant form, was mailed to Plaintiff at the most recent address that he provided to the Court. More than 30 days have now passed, and Plaintiff has not filed any response to the Court's Order, nor has the Order been returned to the Court as undeliverable.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is, in fact, the fault of the Plaintiff. Plaintiff's instant failure to respond may be willful (if he received the Order and declined to respond), or it may be negligent (if he did not receive the Order because he has once again moved and failed to update his address and to monitor this action pursuant to Local Rule 83.13).[1]

---

[1] The Court notes that, pursuant to Local Rule 83.13,

Either way, the fault lies with Plaintiff, and the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal: since the Defendants have not yet been served or made to appear, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance.[2] The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, Plaintiff is **ASSESSED** the full filing fee of $400.00, and this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally

---

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address.… The failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action.

E.D. Tenn. L.R. 83.13.

[2] The Court notes that Plaintiff's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed without prejudice for failure to respond to a deficiency order which similarly ordered Plaintiff to pay the $5.00 filing fee applicable to such actions or submit a motion for leave to proceed *in forma pauperis* [*See* E.D. Tenn. Case No. 2:14-cv-230-RLJ].

frivolous.  *See* Fed. R. App. P. 24.  Accordingly, should Plaintiff file a notice of appeal, he is **DENIED**

leave to appeal *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.


      **IT IS SO ORDERED.**

ENTER:


_____
      s/ Leon Jordan
United States District Judge